# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

GENE GILBERT ELLIS,

    Petitioner,

v.

No. 2:18-cv-00012-JCH-KRS

ATTORNEY GENERAL STATE
OF NEW MEXICO; and
RAYMOND SMITH,
Warden Lea County Correctional Facility,

    Respondents.

## PROPOSED FINDINGS
## AND RECOMMENDED DISPOSITION

State inmate Gene Ellis petitions the Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). Ellis challenges the constitutionality of his convictions following a guilty plea for kidnapping, criminal sexual penetration, criminal sexual contact of a minor, aggravated burglary, aggravated assault, and bribery of a witness. (*Id.*, at 16-19). Primarily, Ellis asserts his trial attorney was ineffective because counsel allegedly advised and promised Ellis his sentence would be capped at fifteen years if he pleaded guilty. (*Id.*, at 16-19). Ellis heeded his lawyer's advice to plead guilty, but received a forty-three-year term of incarceration and up to a lifetime of parole. (*Id.*). Ellis also claims he was convicted in violation of the Double Jeopardy Clause. (*Id.*). The parties agree that Ellis's petition in this Court is "mixed." (*Compare* Doc. 11 *with* Doc. 13). It raises one ineffective-assistance-of-counsel claim that Ellis did not properly exhaust by presenting the issue to and requesting relief from the New Mexico Supreme Court: whether Ellis's lawyer was constitutionally deficient for failing to inform Ellis prior to his plea

that the thirteen-year-old victim, M.W., was unwilling to cooperate with the prosecution and had relocated. (Doc. 11).

When confronted with a mixed petition, the Court may not simply dismiss the unexhausted claims and reach the merits of those that have been fully and fairly presented to the state court. *See Wood v. McCollum*, 833 F.3d 1272, 1274 (10th Cir. 2016). Instead, the Court must (1) dismiss the mixed petition in its entirety; (2) stay the petition and hold it in abeyance while the petitioner returns to state court to raise his unexhausted claims; (3) permit the petitioner to dismiss the unexhausted claims and proceed with the exhausted claims; or (4) ignore the exhaustion requirement altogether and deny the petition on the merits if none of the petitioner's claims has any merit. *Fairchild v. Workman*, 579 F.3d 1134, 1156 (10th Cir. 2009). Here, Ellis asks and has separately moved for a stay and abeyance.

The Court may grant a stay and hold a petition for a writ of habeas corpus in abeyance only in instances where the inmate shows "good cause" for failing to present the claims before the state court in the first instance, and the unexhausted claims are not "plainly meritless." *Rhines v. Weber*, 544 U.S. 269, 277 (2005). "Good cause" for failure to exhaust includes confusion about whether a state petition would be timely, ineffective assistance of post-conviction counsel, or "any external objective factor that cannot fairly be attributable" to the state inmate. *Doe v. Jones*, 762 F.3d 1174, 1182 (10th Cir. 2014) (quotation omitted). To establish good cause, Ellis must do more than "merely list the new claims he wants to bring, without proffering a convincing reason for a stay or satisfying the other *Rhines* requirements." *Kincaid v. Bear*, 687 Fed. Appx. 676, 679 (10th Cir. 2017).

Ellis does not argue he was confused about timeliness or that post-conviction counsel was ineffective. Instead, he contends that the victim's relocation and lack of cooperation constitute

newly discovered evidence that excuse exhaustion.  Although the Court has little trouble accepting newly discovered evidence as good cause favoring a stay, the information here was known to Ellis months before he filed his petition in this Court on January 4, 2018.   On October 10, 2017, Ellis, *pro se*, moved in the state district court to set aside his guilty plea because "defense counsel . . . has proven ineffective . . . by failing to advise the defendant that the alleged victim in the above entitled cause was refusing to cooperate with the prosecution and had the defendant known he would not have pled guilty and insisted on going to trial." (Doc. 11-5, at 78).  Thus, any uncooperativeness is not newly discovered evidence that amounts to good cause for a stay or something beyond Ellis's control that prevented him from following the rules.

Nonetheless, Ellis repeatedly points out he has no training in the law and will suffer prejudice because the statute of limitations likely will expire if the matter is not stayed.  But lack of legal expertise does not explain how he was unable to exhaust available remedies in the state court *before* filing the instant petition or excuse the requirement that he do so. *See Francis v. Pryor*, 2014 U.S. Dist. LEXIS 10057, at *8 (D. Kan. Jan. 28, 2014) (explaining that "[a] pro se litigant's allegation that he failed to exhaust state court remedies due to his unfamiliarity with legal process or lack of legal knowledge, is not sufficient to establish "good cause").  As for prejudice, had Ellis pursued a collateral challenge as allowed by New Mexico law, the federal limitation period would have been tolled and Ellis would have avoided the predicament he now faces.  *See Rhines*, 544 U.S. at 274-75 (explaining that a "properly filed application for State post-conviction or other collateral review" tolls the statute of limitation, 28 U.S.C. § 2244(d)(2)). Notwithstanding Ellis's professed lack of legal training, the Court determines a stay and abeyance of the case and habeas petition are not warranted.

In view of the remaining options for addressing mixed habeas challenges, the Court recommends that Ellis's petition be dismissed in its entirety unless Ellis voluntarily dismisses the unexhausted claim. The Court does not believe it advisable or beneficial to ignore the exhaustion requirements and address the merits of the claim. An appropriate balance, therefore, is to allow Ellis to determine whether he would like to proceed only with the exhausted claims by filing a written notice dismissing his remaining challenge. As Ellis acknowledges, he likely will forfeit federal review of the unexhausted claim altogether. *See* 28 U.S.C. § 2244(b)(1); *Tapia v. Lemaster*, 172 F.3d 1193, 1195 (10th Cir. 1999) (a petitioner who elects to proceed only on exhausted claims must meet the requirements for filing a successive petition to later raise the unexhausted challenges). If Ellis chooses not to dismiss the unexhausted claims, the Court's recommendation, if adopted, means dismissal of the petition without prejudice. Although Ellis could return to the New Mexico courts to present his claim, Ellis faces statute of limitations problems for any future habeas petition in this Court. See 28 U.S.C. § 2244(d)(1) (imposing a one-year limitation period from the date the judgment becomes final).

In sum, Ellis has not exhausted available remedies in the New Mexico courts for each claim he has presented in this Court. Further, Ellis has not established good cause for a stay and abeyance of this matter while he returns to the state court to exhaust. Although his petition for a writ of habeas corpus is defective, Ellis should be permitted to voluntarily dismiss his unexhausted claim to permit the Court to reach the merits of his other constitutional challenges.

**IT IS, THEREFORE, RECOMMENDED** that Ellis's motion for a stay and abeyance (Doc. 13) be **DENIED**.

**IT IS FURTHER RECOMMENDED** that Ellis's mixed petition for a writ of habeas corpus (Doc. 1) be **DISMISSED** in its entirety subject to Ellis first being permitted to voluntarily

dismiss his unexhausted claim (and thus allowing the Court to reach the merits of the exhausted claims) by filing a document so stating within thirty days from the Court's adoption of this recommendation.

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE

**WITHIN FOURTEEN (14) DAYS AFTER A PARTY IS SERVED WITH A COPY OF THESE PROPOSED FINDINGS AND RECOMMENDED DISPOSITION, THAT PARTY MAY, PURSUANT TO 28 U.S.C. § 636(B)(1), FILE WRITTEN OBJECTIONS TO SUCH PROPOSED FINDINGS AND RECOMMENDED DISPOSITION. A PARTY MUST FILE ANY OBJECTIONS WITH THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW MEXICO WITHIN THE FOURTEEN (14) DAY PERIOD ALLOWED IF THAT PARTY WANTS TO HAVE APPELLATE REVIEW OF THE PROPOSED FINDINGS AND RECOMMENDED DISPOSITION. IF NO OBJECTIONS ARE FILED, NO APPELLATE REVIEW WILL BE ALLOWED. PURSUANT TO FED. R. CIV. P. 72(B)(2), A PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE OBJECTIONS.**