# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

GENE GILBERT ELLIS,

    Petitioner,

No. 2:18-cv-00012-JCH-KRS

v.

RAYMOND SMITH, Warden, and
ATTORNEY GENERAL STATE OF
NEW MEXICO,

    Respondents.

## **PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**THIS MATTER** comes before the Court on Petitioner's motion for an extension of time to file a reply and motion to withdraw his 28 U.S.C. § 2254 petition for a writ of habeas corpus and stay this matter. (Docs 29 & 30). In the latter filing, Petitioner explains he has "[n]ew evidence based on conflicting and perjured testimony for search warrant affidavit and not applying the adverse interest rule when state failed to provide defense with alleged victim in case for an interview and then revealing the witness would not testify." (Doc. 30, at 1). Petitioner asks the Court to hold the matter in abeyance while he returns to the state courts to exhaust what he calls a claim of prosecutorial misconduct. *See* 28 U.S.C. § 2254(b)(1)(A). As for the former motion, Petitioner asks to file a reply in support of his petition following Respondents' amended answer. (Doc. 29). Pursuant to an order of reference from United States District Judge Judith C. Herrera, *see* 28 U.S.C. § 636; (Doc. 3), the Court recommends that Petitioner be allowed to file a final reply in support of his petition, but that his request to stay be denied.

Courts may, in limited circumstances, stay a habeas corpus petition and hold it in abeyance if the petitioner shows "good cause for his failure to exhaust, his unexhausted claims

1

are potentially meritorious, and there is no indication petitioner engaged in intentionally dilatory tactics." *Rhines v. Weber*, 544 U.S. 269, 278 (2005). The term "good cause" includes confusion about whether a state petition would be timely, ineffective assistance of post-conviction counsel, or "any external objective factor that cannot fairly be attributable" to the petitioner. *Doe v. Jones*, 762 F.3d 1174, 1182 (10th Cir. 2014) (quotation omitted). The petition must, however, go beyond "merely list[ing] the new claims [the inmate] wants to bring" and instead must "poffer[] a convincing reason for a stay or satisfying the other *Rhines* requirements." *Kincaid v. Bear*, 687 Fed. Appx. 676, 679 (10th Cir. 2017). Even where good cause exists, the Court "abuses its discretion if it grants a stay when the petitioner's claims are plainly meritless." *Rhines*, 544 U.S. at 277-78.

From what the Court can discern, Ellis now alleges prosecutorial misconduct. He appears to base that claim on his discovery of (a) the district attorney's withholding exculpatory *Brady* material when the prosecutor turned over on January 25, 2019 documents concerning his case but did not provide affidavits for search warrants that Ellis says he obtained through other means and that show the prosecution obtained a search warrant through perjury; and (b) a failure to apply the "adverse interest rule" when the prosecutor neglected to provide Ellis a victim interview and then revealed the victim would not testify. (Doc. 30). On November 20, 2019, the Court ruled that Ellis knew that the victim would not testify before he filed his petition in federal court. (Doc. 20) (adopting July 9, 2018 proposed findings and recommended disposition). Thus, Ellis's second basis is not newly discovered and a reason for a stay.

As for the first basis, the Court concludes Ellis's claim is too vague to meaningfully assess. Ellis does not identify exactly what information was perjured, what specific affidavit(s) are at issue, where in the record the affidavit(s) are, who authored the affidavits, when Ellis

2

obtained the affidavits, and the basis for his determination that that the search warrant was the product of perjury.  Without making any type of factual, reasoned proffer for the perjury aspect of the claim of prosecutorial misconduct, Ellis has not carried his burden to obtain a stay while he returns to the state courts. *See Roebuck v. Medina,* 2010 U.S. Dist. LEXIS 104839, at *20 (D. Colo. Oct. 1, 2010) (explaining that the petitioner's claims "of newly-discovered evidence are vague and conclusory" and do not include "the nature of the evidence, when it was discovered, or what type of federal constitutional claim the evidence supports" and concluding  "without such information, the Court is unable to determine that Applicant's claim based on newly discovered evidence is potentially meritorious").

Finally, to ensure that Ellis may fully respond to the amended answer, the Court concludes that motion for an extension to file a reply brief styled as a motion to file objections on the docket, should be granted.

**IT IS, THEREFORE, RECOMMENDED** that Ellis's motion to withdraw and stay petition (Doc. 30) be **DENIED**.

**IT IS FURTHER RECOMMENDED** that Ellis be permitted to file a reply to Respondent's amended answer and his motion for extension (Doc. 29) be **GRANTED**.

KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE