IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

GENE GILBERT ELLIS III,

    Petitioner,

vs.                                        No. 2:18-CV-00012-JCH-KRS

RAYMOND SMITH, Warden, and
ATTORNEY GENERAL STATE OF
NEW MEXICO,

    Respondents.

**ORDER ADOPTING MAGISTRATE JUDGE'S
PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

THIS MATTER is before the Court on (1) Petitioner Gene Gilbert Ellis, III's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus (Doc. 1); (2) Respondents' amended answer addressing the merits of the habeas petition (Doc. 28); (3) the Magistrate Judge's Proposed Findings and Recommended Disposition (Doc. 34) ("PFRD"), filed February 23, 2021; and (4) Petitioner's objections to the PFRD, which were timely filed[1] on May 7, 2021 (Doc. 42). Having conducted a *de novo* review of those portions of the PFRD to which Petitioner objected, the Court adopts the PFRD, overrules the objections thereto, denies Petitioner's § 2254 habeas petition, and dismisses this action with prejudice.

**I.    STANDARD OF REVIEW**

When a party objects to a PFRD, the Court "shall make a de novo determination of those portions . . . to which objection is made." 28 U.S.C. § 636(b)(1)(C). The party must make specific objections; general or conclusory objections do not preserve review. *See United States v. 2121 E.*

---

[1] Petitioner's objections were received on May 12, 2021, a few days past the extended deadline set by the Magistrate Judge for the filing of objections. (*See* Doc. 41). Petitioner has included a certificate of service stating that he placed his objections into the outgoing mail at the Otero County Prison Facility on May 7, 2021. (Doc. 42 at 20). The Court therefore considers the objections to be timely. *See Houston v. Lack*, 487 U.S. 266, 276 (1988).

*30th St.*, 73 F.3d 1057, 1060-61 (10th Cir. 1996). "[T]he filing of objections . . . enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute," and only objections that clearly "focus the district court's attention" on the central disputes will be considered. *Id.* at 1059-1060. Further, "[i]ssues raised for the first time in objections to the magistrate judge's recommendation are also deemed waived." *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996).

## II.     ANALYSIS

A. <u>Exhaustion and Procedural Default</u>

One of the claims asserted by Petitioner in Ground Three of his petition is that his kidnapping conviction is due to be vacated as incidental to his conviction(s) for criminal sexual penetration. (*See* Doc. 1 at 17-18). When Petitioner first raised this argument in his amended state-court habeas petition (*see* Ex. AA at 21-22),[2] the state court ruled that this claim was barred because it "was not raised on appeal" (*see* Ex. GG at 2-3). In seeking certiorari review from the New Mexico Supreme Court, Petitioner argued in conclusory fashion that his claim was "barred from direct appeal due to lack of record" (Ex. HH at 7), but his petition for writ of certiorari was denied (*see* Ex. II). The Magistrate Judge, relying in part on *Duncan v. Kerby*, 851 P.2d 466, 468 (N.M. 1993), similarly concluded that this claim was procedurally defaulted because Petitioner had not first raised the argument on direct appeal, because he has not shown "that the facts underlying this claim were not known or available to him at the time of his trial," and because Petitioner has not raised any of "the limited exceptions to the *Duncan* rule." (Doc. 34 at 6-8).

---

[2] As was the case in the Magistrate Judge's PFRD (*see* Doc. 34 at 2 n.1), the Court's citations to exhibits should be understood as referring to the exhibits to Respondents' amended answer unless otherwise stated. The Court overrules Petitioner's objection that this practical method of citation to the state-court record amounts to an improper "concession to the state." (*See* Doc. 42 at 4).

2

Petitioner objects that the rule discussed in *Duncan* "does not apply because Petitioner took a plea." (Doc. 42 at 5). Petitioner does not elaborate on this argument, and the Court is aware of no authority providing that convictions resulting from a plea agreement are categorically excluded from the rule that a criminal defendant in New Mexico is "precluded from raising [an] issue in habeas corpus proceedings" where he "should have raised [that] issue on appeal" because "the facts submitted were known or available" to him prior to his conviction. *See Duncan*, 851 P.2d at 468; *cf.*, *e.g.*, *Baldonado v. N.M. Dep't of Corr.*, No. 13-cv-00573 LH/SMV, 2013 WL 12328860, at *5 (D.N.M. Nov. 21, 2013) (applying *Duncan* rule to find procedural default on claim not presented on appeal following plea agreement), *PFRD adopted*, (Doc. 15) (D.N.M. Dec. 12, 2013).

Under a liberal construction, Petitioner's objection may be understood to argue—as he did before the New Mexico Supreme Court (*see* Ex. HH at 7)—that he is entitled to one of the limited exceptions to the *Duncan* rule, which applies "when an adequate record to address the claim properly was not available on direct appeal." *See Duncan*, 851 P.2d at 468. However, as the Magistrate Judge observed, Petitioner has not developed that argument at any point during his state or federal habeas proceedings. (*See* Doc. 34 at 7-8 n.3). The Magistrate Judge also correctly noted that Petitioner has never stated which purported facts relevant to his incidental-restraint argument were unknown or unavailable to him at the time of his conviction, much less shown that his ability to appeal on that basis was precluded due to their absence. (*See id.* at 7-8 & n.3). Finally, Petitioner offers nothing to overcome the Magistrate Judge's conclusion—which the Court agrees with and adopts—that Petitioner has not shown cause, actual prejudice, or that any risk of a fundamental miscarriage of justice would occur if his claim were barred. *See, e.g.*, *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

3

After a *de novo* review in light of Petitioner's objections, the Court concludes that there is no basis to modify or reject the Magistrate Judge's recommendation that Petitioner's incidental-restraint challenge to his kidnapping conviction be deemed procedurally barred. Petitioner's objections on this point are overruled.

B. Ineffective Assistance of Counsel

Petitioner objects to the Magistrate Judge's recommendation that his two remaining ineffective-assistance claims be dismissed.³ His core objection as to both claims centers on his argument that the state court's factual determinations were "unreasonable," characterizing those findings as "Petitioner . . . being called a liar [while] trial counsel's statements are taken as truth" and arguing that "[i]t could very reasonably be determined that Petitioner did not think he would receive the sentence he got." (*See* Doc. 42 at 11). Having conducted a *de novo* review of Petitioner's filings and the state-court record, the Court agrees with the Magistrate Judge's conclusion that Ellis has not submitted clear and convincing evidence to overcome the presumption of correctness that must be afforded to the state court's factual findings. *See* 28 U.S.C. § 2254(e)(1). Petitioner's objection on this ground is overruled.

Petitioner also appears to challenge the Magistrate Judge's proposed finding that "there is essentially no evidence to suggest that [Petitioner] would have gone to trial but for [his attorney's] allegedly deficient advice." (Doc. 34 at 15). The apparent crux of Petitioner's objection is his allegation that the record "contradicts" any assertion that his victim would testify at trial and his suggestion that, had he known of the victim's noncooperation with the prosecution, he would have chosen to proceed to trial rather than plead guilty. (*See* Doc. 42 at 11-12). In truth, Petitioner has

---

³ Following the Magistrate Judge's finding that a third ineffective-assistance claim was unexhausted (Doc. 17), Petitioner moved to voluntarily dismiss that claim (Doc. 23), and the Court granted that motion (Doc. 25). To the extent that Petitioner now objects to that dismissal or the Court's earlier denial of his motion to stay (*see, e.g.*, Doc. 42 at 5, 10-12), such objections are untimely and otherwise improper. *See, e.g.*, 28 U.S.C. § 636(b)(1).

pointed to nothing in the record showing that the victim would not testify, save for his own unexhausted and previously dismissed ineffective-assistance claim alleging as much. (*See* Doc. 1 at 16). On the contrary, when Petitioner first raised this argument in a motion to set aside his plea (*see* Ex. JJ), the state trial court found that there was "no proof or evidence that the victim witness was uncooperative with the prosecution" (Ex. KK), and Petitioner has offered no additional evidence in support of this allegation since that time. But even if this were not so, the record supports the conclusion that both Petitioner and his attorney at least believed at the time of his plea "that [the victim] would be testifying to the acts that occurred," given that his attorney stated as much at sentencing. (*See* Ex. BB at 4).[4] This point, and the other aspects of the record cited in the PFRD, support the Magistrate Judge's proposed finding that Petitioner would not have gone to trial in the absence of counsel's allegedly deficient assistance regarding the length of his prison sentence and parole term. (*See* Doc. 34 at 13-15, 16-18). The Court therefore adopts this finding as its own, and Petitioner's objection on this ground is overruled.

Petitioner next alleges that at his sentencing, "the prosecution stood before the court and admitted they lacked sufficient evidence to prosecute," which he suggests undermines the Magistrate Judge's proposed finding regarding the "likelihood of a guilty verdict." (Doc. 42 at 12) (quoting Doc. 34 at 17). Again, Petitioner points to nothing in the record to support this assertion or argument, which at any rate he has never previously raised and has therefore waived. *See, e.g.*, *Marshall*, 75 F.3d at 1426. Any objection on this basis is overruled.

Petitioner broadly suggests that *pro se* status has bearing on the validity of his ineffective-assistance claims. (*See, e.g.*, Doc. 42 at 8, 12). The Court has previously denied Petitioner's motion to appoint counsel in this action (*see* Doc. 25 at 2), and the record continues to show that Petitioner

---

[4] Whether or not this belief itself was the result of counsel's ineffective assistance is not appropriately before the Court since any claim to this effect has not yet been exhausted. (*See* Doc. 25).

has thoroughly and intelligibly presented his claims. Accordingly, the Court sees no reason to revisit Petitioner's request for counsel, and to the extent Petitioner intends to state an objection on this basis, that objection is overruled.

Having conducted a *de novo* review of the filings and the PFRD in light of Petitioner's objections, the Court adopts the Magistrate Judge's proposed findings and recommendations regarding Petitioner's ineffective-assistance claims and overrules his corresponding objections.

C. Double Jeopardy

The Magistrate Judge recommended dismissal of Petitioner's double-description double-jeopardy claim concerning his aggravated burglary and criminal sexual penetration ("CSP") charges. (*See* Doc. 34 at 19-22). Petitioner's sole particularized objection to this dismissal is that the Magistrate Judge improperly distinguished his case from another decision cited in his state-court habeas filings. (*See* Doc. 42 at 13) (citing, *e.g.*, *State v. Armendariz*, 148 P3d 798 (N.M. Ct. App. 2006)).[5] After reviewing *de novo* the parties' filings and the proposed findings and recommendations as to this claim, the Court concludes that the Magistrate Judge properly distinguished *Armendariz* from Petitioner's claim. Petitioner's objection is overruled.

Turning next to Petitioner's unit-of-prosecution double-jeopardy challenges, the Court observes that Petitioner at times appears to challenge the weighting of certain *Herron* factors when applied to his conviction under Count 2 versus his convictions under the remaining CSP counts. (*See, e.g.*, Doc. 42 at 14-16); *see also Herron v. State*, 805 P.2d 624, 628 (N.M. 1991) (outlining six factors considered collectively "[i]n determining whether an act [of CSP] is distinct"). In the end, however, Petitioner appears to acknowledge that Count 2 concerned conduct that does not

---

[5] The Magistrate Judge reasoned in part that *Armendariz* was distinguishable because it concerned aggravated burglary and CSP charges involving the same use of force, whereas Petitioner's convictions arose under separate sections of the same statutes and concerned separate instances of conduct done while armed with a deadly weapon. (*See* Doc. 34 at 20-21).

overlap with the acts underlying his other CSP convictions. (*See, e.g.*, Doc. 42 at 16) (conceding that "Count 2 is one act of CSP"); (*see also id.* at 14) ("Petitioner can and should've been reasonably found guilty of 2 counts of CSP."); (*id.* at 15) (allowing that "the *Herron* factors clearly dictate only 2 separate offenses of CSP"). Considering this acknowledgement and the Magistrate Judge's proposed findings and recommendations, the Court adopts the conclusion that Count 2 addresses a penetration that is distinct from those penetrations addressed in the remaining CSP counts, meaning that Count 2 is a unit of prosecution that is distinct from any other CSP charges. (*See* Doc. 34 at 24-25). To the extent that Petitioner's objections may be construed to argue otherwise, those objections are overruled.

Petitioner objects to the proposed factual finding that the state court "reasonably could have found that . . . a repositioning [of the victim] occurred" between the events underlying the second and third charges of CSP (Counts 3 and 4, respectively) "[b]ecause [Petitioner] likely could not have accomplished both penetrations without repositioning either himself or [the victim]." (*See* Doc. 34 at 26). In support of this objection, Petitioner engages in a belabored explanation as to how he could have theoretically engaged in both underlying acts without repositioning the victim. (*See* Doc. 42 at 17-18). Petitioner's objection misunderstands the Court's obligation under the Antiterrorism and Effective Death Penalty Act ("AEDPA") to defer to state court's determinations. Where, as here, a state habeas court rejects a habeas claim on the merits without explanation,[6] the operative questions are "what arguments or theories supported or . . . *could have supported* the state court's decision" and "whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of [the Supreme] Court."

---

[6] Petitioner raises no objection to the Magistrate Judge's conclusion that the state court resolved his unit-of-prosecution double-jeopardy habeas claims on the merits, notwithstanding its failure to explain its reasoning. (*See* Doc. 34 at 22-23). The Court agrees with, and hereby adopts, the Magistrate Judge's conclusion on this issue.

*Harrington v. Richter*, 562 U.S. 86, 102 (2011) (emphasis added). In other words, "[t]he question [under AEDPA] is whether there is *any reasonable argument* that" the state court's determination was proper. *See id.* at 105 (emphasis added); *see also id.* at 109 (requiring denial of habeas claim "if there was a reasonable justification for the state court's decision"). The New Mexico Supreme Court has held that "repositioning of the victim between penetrations tends to show separate [CSP] offenses" under the second[7] *Herron* factor. *See Herron*, 805 P.2d at 628. And while Petitioner may have a plausible alternative theory as to how events may have played out, the factual record[8] and the deference owed to the state-court decision under AEDPA support a finding that a repositioning of the victim did in fact occur. (*See* Doc. 34 at 25). The Court therefore overrules Petitioner's objection to this proposed finding.

Petitioner next objects to the proposed conclusion that his penetration of the victim with different parts of his body (digital penetration and cunnilingus) weighs in favor of finding separate punishable acts under Counts 3 and 4. (*See* Doc. 34 at 25-26) (citing *Lucero v. Kerby*, 133 F.3d 1299, 1322 (10th Cir. 1998)). In support, Petitioner argues that the fourth *Herron* factor only supports a finding of separate offenses when the CSP charges concern "serial penetrations of different orifices, <u>as</u> <u>opposed</u> to repeated penetrations of the same orifices." (Doc. 42 at 15) (quoting *Herron*, 805 P.2d at 628) (emphasis in objections). But the fact that this issue does not directly map onto the fourth *Herron* factor does not mean it is irrelevant since, as *Herron* itself notes, the factors only serve to "assist in guiding" resolution of the ultimate question of whether

---

[7] The PFRD mistakenly states that such repositioning implicates the third *Herron* factor, concerning the presence or absence of intervening events, rather than the second *Herron* factor, concerning the location of the victim. (*See* Doc. 34 at 26). Regardless, the nature and number of *Herron* factors weighing in favor of a finding of distinct penetrations is unaffected.

[8] The Magistrate Judge correctly described the relevant facts as follows: "[T]he first penetration occurred when [Petitioner] "got on top" of [the victim] and held down her chest with his arm while inserting a finger into her vagina, while the second penetration involved [Petitioner] inserting his tongue into her vagina." (Doc. 34 at 26) (citing Ex. BB att. A, at 3).

"each act of penetration is in some sense distinct from the others." *See Herron*, 805 P.2d at 628-29. While serial penetrations of the same orifice with different parts of an offender's body will not *per se* result in separate punishable acts as a matter of law, *see id.* at 627-28, New Mexico courts have nonetheless recognized that serial penetrations with different body parts—or even the same body part—may sometimes contribute to a finding of distinct offenses when other *Herron* factors also support such a finding. *See State v. Weiss*, No. 32,611, 2014 WL 1999033, at *2 (N.M. Ct. App. Mar. 24, 2014) (unpublished) (citing N.M.S.A. § 30-9-11(A)) (rejecting double jeopardy challenge to CSP convictions where defendant first engaged in sexual intercourse, then repositioned victim and performed oral sex on her against her will); *see also State v. Whitt*, No. 34,293, 2016 WL 7326146, at *3 (N.M. Ct. App. Nov. 29, 2016) (unpublished) (ruling that two acts of intercourse, separated by minimal repositioning and brief acts of anal intercourse and fellatio, constituted separate CSP offenses); *cf. Lucero*, 133 F.3d at 1321-22 (holding that serial penetrations of victim's vagina with finger and penis, separated by victim's movement, amounted to distinct penetrations).

In this case, Petitioner serially penetrated the victim with different parts of his body, and the state court could have reasonably concluded from the available record that Petitioner repositioned the victim between each penetration as discussed above. Courts interpreting New Mexico law have found separate punishable CSP offenses under similar circumstances, *see, e.g.*, *Lucero*, 133 F.3d at 1322; *Weiss*, 2014 WL 1999033, at *2, and the application of AEDPA deference to this case only reinforces the conclusion that the same outcome is required here. Because the factual record was sufficient to support the state court's rejection of Petitioner's double jeopardy claim as to Counts 3 and 4, his objection is overruled.

Similarly, the Magistrate Judge properly recommended the dismissal of Petitioner's double-jeopardy challenge as to his CSP convictions in Counts 4 and 5, respectively concerning acts of cunnilingus and sexual intercourse. (*See* Doc. 34 at 26-27). As with the preceding objection, there is no merit to Petitioner's assertion that his serial penetration of the victim's vagina with separate body parts cannot contribute to a finding of distinct offenses. *See, e.g.*, *Lucero*, 133 F.3d at 1322; *Weiss*, 2014 WL 1999033, at *2. Further, although Petitioner appears to deny that a repositioning of some sort occurred between the lingual and penile penetrations addressed in these convictions (*see* Doc. 42 at 17-18), the Court agrees with the Magistrate Judge's determination that the state court could have reasonably concluded otherwise. *See Harrington*, 562 U.S. at 102, 105. The Court also agrees with and adopts the Magistrate Judge's proposed finding that Petitioner's intervening statement to the victim that she was "gonna like *the next part*" (Ex. BB att. A, at 3) (emphasis added) evidenced Petitioner's understanding that the two penetrations were distinct, meaning that the fifth *Herron* factor supports a finding of separate punishable conduct. *See Herron*, 805 P.2d at 628 (looking to "defendant's intent as evidenced by his conduct and utterances"). Petitioner's objection to the Magistrate Judge's findings and recommendations as to this double jeopardy claim is overruled.

Finally, Petitioner objects to the Magistrate Judge's rejection of his double-jeopardy attack on his convictions for CSP in Count 5 and criminal sexual contact of a minor ("CSCM") in Count 6. (*See* Doc. 42 at 18). In support, Petitioner simply states "that the CSCM occurred during the commission of a single act of CSP (penile) and therefor[e] must be subsumed," as the "contact occurred at the exact same time as penetration." (*See id.*). Although Petitioner cites the *Herron* factors in support of this argument, the Magistrate Judge correctly explained that Petitioner's challenge is properly framed as a double-description challenge because it concerns violations of

multiple statutes, meaning that the *Herron* factors for resolving unit-of-prosecution double-jeopardy claims are not applicable. (*See* Doc. 34 at 27); *see also, e.g.*, *Armendariz*, 148 P.3d at 801 (distinguishing different types of double-jeopardy claims). Under double-description cases, "the key inquiry is whether the same force was used to commit both crimes." *See Armendariz*, 148 P.3d at 801. Because Count 5 was premised on Petitioner's penile penetration of the victim, whereas Count 6 was premised on his contact with her breast, the two convictions do not concern the same conduct and are not unitary regardless of the timing of each offense. *See, e.g., id.* (finding "sufficient indicia of distinctness when the conviction is supported by at least two distinct acts or forces, one which completes the first crime and another which is used in conjunction with the subsequent crime"). Petitioner's objection is overruled.

Having conducted a *de novo* review of the filings and the PFRD in light of Petitioner's objections, the Court adopts the Magistrate Judge's proposed findings and recommendations regarding Petitioner's double-jeopardy claims and overrules his corresponding objections.

### III.   CONCLUSION

IT IS, THEREFORE, ORDERED that:

1)   the Magistrate Judge's PFRD (Doc. 34) is ADOPTED; and

2)   Petitioner Gene Gilbert Ellis, III's petition for a writ of habeas corpus under 28 U.S.C. § 2254 (Doc. 1) is DENIED, and this matter is DISMISSED WITH PREJUDICE

_____
SENIOR UNITED STATES DISTRICT JUDGE